# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ALONZO JOHNSON, R.,<br>　　　Petitioner, | Case No. 1:19-cv-394 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner filed his habeas corpus petition on May 13, 2019.  (Doc. 1).  After multiple Deficiency Orders (*see* Docs. 2, 6), the Court granted petitioner leave to proceed *in forma pauperis* and issued an Order for Answer to respondent on July 17, 2019.  (Doc. 8).  On July 22, 2019, the Order mailed to petitioner was returned to the Court as undeliverable, marked "RELEASED."  (Doc. 9).

Respondent has since filed a motion to dismiss this action for want of prosecution or, in the alternative, for an extension of time to file an answer.  (Doc. 11).  As noted by respondent, the Ohio Department of Rehabilitation Offender Details confirms that petitioner has been released.[1]  Petitioner has never informed the Court of his change of address or made any inquiry as to the status of his case since his last filing, over two months ago.  At this juncture, it appears that petitioner has abandoned his cause of action in the instant case.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  Petitioner's failure to inform the Court of his change of address warrants invocation of the Court's inherent power in this federal

---

[1] Viewed at https://appgateway.drc.ohio.gov/OffenderSearch/.  Petitioner's status is listed as "APA SUPERVISION."

habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.[2]

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution and respondent's motion to dismiss/motion for an extension of time (Doc. 11) be denied as moot.  Should petitioner provide an updated mailing address during the pendency of the Report and Recommendation, the undersigned will vacate the Report and Recommendation and grant respondent's request for an extension of time to file an answer.

**IT IS SO RECOMMENDED.**

  *s/ Stephanie K. Bowman*
  Stephanie K. Bowman
  United States Magistrate Judge

---

[2] Although respondent has filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b), Rule 41(b) did not abrogate the power of the Court to dismiss an action *sua sponte*.  *See Johnson v. Sloan*, No. 1:17-cv-1050, 2017 WL 7736384, at *2 (N.D. Ohio Oct. 10, 2017) (Report and Recommendation), *adopted*, 2018 WL 969927 (N.D. Ohio Feb. 20, 2018).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ALONZO JOHNSON, R.,                    Case No. 1:19-cv-394
    Petitioner,

                                                          Dlott, J.
    vs.                                                 Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).